IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL E. FLEMING,

        Plaintiff,                    No. 2:11-cv-03178 KJM KJN

        v.

JEFFREY CATLIN and DOES 1-10,

        Defendants.           <u>ORDER</u>
_____/

        Presently before the court is plaintiff Michael E. Fleming's ("plaintiff") motion to remand this action to the superior court of California for the County of Yuba ("Superior Court"). (Mot. to Remand, Dkt. No. 3.) Defendant Jeffrey Catlin ("defendant") is proceeding without counsel in this action.[1]

        This matter came on for hearing before the undersigned on January 12, 2012. (Dkt. No. 4.) Attorney Brant Bordsen telephonically attended the hearing on behalf of the plaintiff. Defendant Jeffrey Catlin appeared on his own behalf. A review of the court's docket

////

////

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

indicates that defendant has not filed a written opposition to the pending motion to remand.[2]

During the hearing, defendant represented that he had only recently learned that plaintiff's motion was pending. Specifically, defendant represented that he and his family members had been traveling on and off during the period between December 16, 2011, and January 6, 2012, and that while defendant checked the mail at his address of record periodically during that time frame, defendant did not receive any mail informing him of plaintiff's pending motion until January 6, 2012. Puzzlingly, the proof of service for plaintiff's pending motion reflects that the motion was served upon defendant at his address of record on December 15, 2011. (Dkt. No. 3-1.)

During the hearing, defendant informed the court that he had been in communication with potential attorneys regarding representing him in this action, and that the southern California attorneys advised him to seek a two week continuance of the January 12, 2012 hearing so that he could obtain counsel in the Sacramento region.

The undersigned recognizes that defendant faces difficulties representing himself in propria persona in federal court. However, the undersigned informs defendant that Eastern District Local Rule 110 provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."[3] Moreover, Eastern

---

[2] Eastern District Local Rule 230(c) provides, in pertinent part, that "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Despite this rule, the undersigned allowed defendant to be heard during the hearing.

[3] See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil

District Local Rule 183(a) provides, in relevant part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

E. Dist. Local Rule 183(a).

Accordingly, for the reasons stated on the record during the hearing, IT IS HEREBY ORDERED that:

1. **On or before January 17, 2012**, defendant shall file a declaration under penalty of perjury describing which specific dates he and his family were out of town (i.e., not physically present at "1691 Cobblestone Drive, Marysville, CA 95901," the address of record plaintiff provided to the court in this action and the address plaintiff used for service upon defendant), between **December 16, 2011**, and **January 6, 2012.** The declaration must specify which dates defendant and/or his family members returned to the property during that period, as well as whether he or some other member of his family checked the mail upon returning. The declaration must also describe, in detail, how and when defendant became aware that plaintiff's motion was pending and set to be heard on January 12, 2012. The declaration must also explain why defendant took no other action with respect to this court (i.e., filing a request for a continuance, a written opposition, or other request) between becoming aware of plaintiff's pending motion and personally appearing before the undersigned on January 12, 2012.

2. If defendant fails to timely file the above-described declaration under

---

Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

3

penalty of perjury and/or files a declaration omitting any of the information required by this order, the undersigned will resolve the pending motion based upon the papers on file with the court as of the date of this order. In the event that defendant fails to timely file the above-described declaration, the undersigned will decide plaintiff's pending motion based upon the papers on file with the court as of the date of this order, and will carefully consider plaintiff's potential entitlement to the attorney's fees requested in plaintiff's moving papers.

3. **On or before January 26, 2012**, defendant (or an attorney acting on his behalf) shall file a written opposition to plaintiff's pending motion. If defendant fails to timely such written opposition, or files an opposition that contains frivolous arguments in opposition to plaintiff's motion to remand, the undersigned will resolve the pending motion based upon the papers on file with the court as of the date of this order. The undersigned will carefully consider plaintiff's potential entitlement to the attorney's fees requested in plaintiff's moving papers.

4. **If** defendant timely files a written opposition, plaintiff may file a Reply in response thereto **on or before February 2, 2012**. Thereafter, the undersigned will inform the parties as to whether a further hearing will be necessary for the undersigned to make a determination upon defendant's motion to remand.

IT IS SO ORDERED.

DATED: January 13, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE