1
2
3
4
5
6
7
8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL E. FLEMING,

11            Plaintiff,                    No. 2:11-cv-03178 KJM KJN PS

12       v.

13   JEFFREY CATLIN and DOES 1-10,

14            Defendants.              ORDER and FINDINGS AND
                                       RECOMMENDATIONS
15   _____/

16            Presently before the court is plaintiff Michael E. Fleming's ("plaintiff") motion to

17   remand this action to the superior court of California for the County of Yuba ("Superior Court").

18   (Mot. to Remand, Dkt. No. 3.)  Defendant Jeffrey Catlin ("defendant") is proceeding without

19   counsel in this action.[1]

20            Having reviewed the briefs and record in this case, the undersigned recommends

21   that plaintiff's motion to remand be granted and that this case be remanded to the Superior Court

22   on the grounds that this court lacks subject matter jurisdiction over plaintiff's single claim for

23   unlawful detainer.  The undersigned also recommends that defendant be ordered to pay plaintiff's

24   attorneys' fees "incurred as a result of the removal" pursuant to 28 U.S.C. § 1447(c).

25   _____

26        [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                          1

I.      PROCEDURAL BACKGROUND

        This matter came on for hearing before the undersigned on January 12, 2012. (Dkt. No. 4.)  Attorney Brant Bordsen attended the hearing telephonically on behalf of the plaintiff.  Although defendant had not filed a written opposition to the pending motion, defendant appeared on his own behalf at the hearing.

        During the hearing, defendant represented that he had only recently learned that plaintiff's motion was pending.  Defendant also informed the court that he had been in communication with southern California attorneys regarding representing him in this action, and that they advised him to seek a two week continuance of the January 12, 2012 hearing so that he could obtain counsel in the Sacramento region.

        In an order entered on January 17, 2012, the undersigned granted defendant's request for a continuance of the hearing.  (Order, Jan. 17, 2012, Dkt. No. 5.)  However, the undersigned ordered defendant to file a declaration to specifically explain defendant's failure to timely oppose the motion.  (Id.)  The undersigned's order also informed defendant that:

> Eastern District Local Rule 110 provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."[2]  Moreover, Eastern District

---

[2]  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782

1    Local Rule 183(a) provides, in relevant part:

2        Any individual representing himself or
     herself without an attorney is bound by the
3        Federal Rules of Civil or Criminal
     Procedure, these Rules, and all other
4        applicable law.  All obligations placed on
     "counsel" by these Rules apply to
5        individuals appearing in propria persona.
     Failure to comply therewith may be ground
6        for dismissal . . . or any other sanction
     appropriate under these Rules.

7

8    (Order, Dkt. No. 5 at 2-3 (footnote in original).)

9          The undersigned's order further provided that, "[i]f defendant fails to timely file

10   the above-described declaration under penalty of perjury and/or files a declaration omitting any

11   of the information required by this order, the undersigned will resolve the pending motion based

12   upon the papers on file with the court as of the date of this order.  In the event that defendant fails

13   to timely file the above-described declaration, the undersigned will decide plaintiff's pending

14   motion based upon the papers on file with the court as of the date of this order, and will carefully

15   consider plaintiff's potential entitlement to the attorney's fees requested in plaintiff's moving

16   papers."  (Id. at 3-4.)

17          Finally, the undersigned's order provided that, "[o]n or before January 26, 2012,

18   defendant (or an attorney acting on his behalf) shall file a written opposition to plaintiff's

19   pending motion.  If defendant fails to timely such written opposition, or files an opposition that

20   contains frivolous arguments in opposition to plaintiff's motion to remand, the undersigned will

21   resolve the pending motion based upon the papers on file with the court as of the date of this

22   order.  The undersigned will carefully consider plaintiff's potential entitlement to the attorney's

23   fees requested in plaintiff's moving papers."  (Id. at 4.)

24          On January 17, 2012, defendant filed a declaration partially explaining

25   _____

26   F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control
     their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

1  defendant's failure to timely file a written opposition.[3]  (Declaration of Jeffrey Catlin ("Catlin

2  Decl."), Dkt. No. 6.)

3         On January 26, 2012, defendant filed a one-page document styled as an

4  "Opposition" to plaintiff's pending motion to remand.[4]  (Oppo., Dkt. No. 7.)  As the undersigned

5  has previously ordered, if defendant "files an opposition that contains frivolous arguments in

6  opposition to plaintiff's motion to remand," which certainly includes an opposition that contains

7  *no* substantive argument whatsoever, the undersigned "will resolve the pending motion based

8  upon the papers on file with the court." (Order, Dkt. No. 5 at 4.)

9  II.    FACTUAL BACKGROUND

10        On October 25, 2011, plaintiff filed a Verified Complaint for Unlawful Detainer

11  ("Complaint") in the Superior Court, Case Number 11-0000440, seeking to recover possession of

12  the property alleged to be situated in the County of Yuba.  (Not. of Removal, Dkt. No. 1, Exh. A

13  thereto ("Compl.").)  The Complaint's sole unlawful detainer claim targets real property located

14  at 1691 Cobblestone Drive, Marysville, Yuba County, California.  ("Marysville Property").

15  (Compl. at 1.)  The Complaint alleges that plaintiff purchased the subject property at a trustee's

16  sale that occurred in accordance with California state law and terms of the Deeds of Trust

17  executed by defendants, that plaintiff's title pursuant to such sale have been perfected, and that

18

19      [3] Defendant's declaration reads, in pertinent part, "[d]uring the period of December 16th
through the new year me & my family were not at 1691 [Cobblestone Drive] on a consistent daily
20  basis. We visited relatives and subsequently the flow of mail was interrupted. I personally became
aware of the January 12, 2012 hearing the week prior on or about January 6, 2012." (Catlin Decl. at
21  1.) Defendant's declaration does *not* explain his failure to file a written opposition or otherwise
contact the court any time between January 6, 2012, and the hearing date itself. Defendant's
22  declaration does *not* explain which specific dates he and his family were away from the Cobblestone
Drive residence, despite the fact that during the hearing, the undersigned ordered defendant to
23  provide a declaration clearly stating those specific dates.

24      [4] Defendant's "Opposition" reads, in its entirety: "Dear honorable Justice of the Court. This
opposition is in direct response to the motion by Brant Joseph Bordsen request[ing] to have this case
25  remanded back to superior court.  It is my belief that this court does have jurisdiction in this matter
& therefore [I wish to] set this matter for hearing on the merits of the case as stated in my initial
26  filing.  At such time it is my intention to verbally argue the merits of the case." (Oppo. at 1.)

1  plaintiff is entitled to immediate possession of the property.  (Compl. at 1-2.)  It further alleges

2  that plaintiff provided defendant, who once owned and apparently still occupies the property,

3  with written notice to vacate the premises and deliver possession of the property within 3 days

4  after service of said notice, and that defendants failed to vacate and deliver possession.  (Id. at 3.)

5  Through this action, plaintiff seeks: (1) possession of the subject property, (2) damages at a rate

6  of $43.33 per day from October 22, 2011, until the date of entry of judgment, for each day that

7  defendant remains in possession of the property, and (3) costs of suit and such other relief as the

8  court deems appropriate.[5]  (Compl. at 3.)

9          On December 1, 2011, defendant removed this matter to the United States District

10  Court for the Eastern District of California.  (Notice of Removal, Dkt. No. 1.)  Defendant

11  removed this case pursuant to "28 U.S.C. § 1331" (Not. of Removal at 1-2), and asserted that the

12  action is "based on a Federal question arising under the laws of the United States" and cited

13  "[t]he Emergency Economic Stabilization 'Protecting Tenants at Foreclosure Act of 2009'."

14  (Notice of Removal at 2.)  Defendant's Notice of Removal does not assert diversity as a basis for

15  jurisdiction, and contains no allegations regarding citizenship or the jurisdictional amount.

16  III.    LEGAL STANDARDS

17          In relevant part, the federal removal statute provides:

18      (a) Except as otherwise expressly provided by Act of Congress, any civil
        action brought in a State court of which the district courts of the United
19      States have original jurisdiction, may be removed by the defendant or the
        defendants, to the district court of the United States for the district and
20      division embracing the place where such action is pending. . . .

21      (b) Any civil action of which the district courts have original jurisdiction
        founded on a claim or right arising under the Constitution, treaties or laws
22      of the United States shall be removable without regard to the citizenship or
        residence of the parties. Any other such action shall be removable only if
23      none of the parties in interest properly joined and served as defendants is a
        citizen of the State in which such action is brought.

24

25  _____

26      [5]  Plaintiff filed this action as a limited civil action in the Superior Court, and the caption of
    the Complaint states: "AMOUNT DEMANDED DOES NOT EXCEED $10,000."  (Compl. at 1.)

28 U.S.C. § 1441(a), (b).  A defendant "desiring to remove any civil action" from state court to federal court must file a "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant" in the state action. 28 U.S.C. § 1446(a).  "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009), cert. denied, 131 S. Ct. 65 (2010).  "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "'must be rejected if there is any doubt as to the right of removal in the first instance.'"  Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

IV.   DISCUSSION

   *A.   Lack Of Subject Matter Jurisdiction*

   Defendant removed this action to federal court citing federal question jurisdiction as the basis for removal.  (Not. of Removal at 1-2.)  For the reasons that follow, however, the undersigned concludes that this court lacks subject matter jurisdiction in this case.

   District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009) (quoting Rivet v. Regions Bank of Louisana,

522 U.S. 470, 475 (1998) (internal quotation marks omitted)); Ultramar Am. Ltd. v. Dwelle, 900

F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of federal question jurisdiction is

determined from the face of the complaint.").  "In determining the existence of removal

jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the*

*removal petition was filed*.  Jurisdiction is based on the complaint as originally filed . . . ."

Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (emphasis in original)

(citation and quotation marks omitted).

       Here, plaintiff filed his Complaint in Superior Court asserting one claim for

unlawful detainer premised solely on California law.  (Compl. at 1-4.)  Because a claim for

unlawful detainer does not by itself present a federal question or necessarily turn on the

construction of federal law, no basis for federal question jurisdiction appears on the face of the

Complaint.  See, e.g., U.S. Bank Nat'l Ass'n v. Tyler, No. C 10-4033 PJH, 2010 WL 4918790, at

*2 (N.D. Cal. Nov. 12, 2010) (unpublished) (holding that a single claim for unlawful detainer

under state law did not provide a basis for federal question jurisdiction); OneWest Bank FSB v.

Ignacio, No. CIV S-10-1683 JAM DAD PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010)

(unpublished) (same); IndyMac Federal Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA

(DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (unpublished) (same); HSBC Bank,

N.A. v. Bryant, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10,

2009) (unpublished) (same).

       As noted above, while defendant has not filed a substantive written opposition to

the motion for remand, his Notice of Removal suggests that this court's subject matter

jurisdiction over plaintiff's unlawful detainer claims somehow "arises under the laws of the

United States," and defendant cites to the "Protecting Tenants at Foreclosure Act."[6]  (Not. of

---

[6]  The Emergency Economic Stabilization Act, 12 U.S.C. §§ 5201 et seq., states that its purpose is to restore "liquidity and stability to the financial system of the United States." 12 U.S.C. § 5201(1).  "Section 702 [of the Protecting Tenants at Foreclosure Act] is part of the Emergency

1  Removal at 2.)

2          Defendant has not met his burden of demonstrating grounds for jurisdiction.  See

3  e.g., Placer Dome, Inc., 582 F.3d at 1087.  While defendant cites a federal statute and suggests

4  that it renders the foreclosure and/or plaintiff's "90-day notice of eviction" defective, that statute

5  is not implicated by the claims in plaintiff's complaint.  The plaintiff is "the master of his

6  complaint," and may "generally avoid federal jurisdiction by pleading solely state-law claims."

7  Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Balcorta v. Twentieth

8  Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000); Caterpiller, Inc. v. Williams, 482

9  U.S. 386, 392 (1987)).

10          Here, as pleaded, the complaint is strictly an action based on the California

11  unlawful detainer statutes.  (Compl. at 1-4.)  Consequentially, defendant's assertions of the

12  "Protecting Tenants at Foreclosure Act" are best characterized as defenses or potential

13  counterclaims; neither of which are considered in evaluating whether a federal question appears

14  on the face of a plaintiff's complaint.  Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009)

15  (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); Valles,

16  410 F.3d at 1075 ("A federal law defense to a state-law claim does not confer jurisdiction on a

17  federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's

18  complaint."); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 326-27 (5th Cir.

19  1998); Takeda v. Nw. Nat'l Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985).  An anticipated

20  federal defense is not sufficient to confer federal question jurisdiction.  Hunter v. Philip Morris

21  USA, 582 F.3d 1039, 1042-43 (9th Cir. 2009) (citing Franchise Tax Bd. of Cal. v. Constr.

22  Laborers Vacation Trust, 463 U.S. 1, 10 (1983); Vaden, 129 S. Ct. at 1272).

23

24  Economic Stabilization Act ("EESA") codified in 12 U.S.C. §§ 5201 et seq.  Specifically, Section
    702 [of the Protecting Tenants at Foreclosure Act] is part of the Troubled Assets Relief Program
25  ("TARP") that was enacted as a subchapter of EESA. 12 U.S.C. §§ 5211-5241."  Zalemba v. HSBC
    Bank, USA, Nat'l Ass'n, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1,
26  2010) (unpublished)).

1        Federal district courts have also held that a defense based on the Protecting

2   Tenants at Foreclosure Act cannot serve as a basis for removal jurisdiction.  See SD Coastline

3   LP, 2010 WL 4809661, at *1-3; U.S. Bank Nat. Ass'n v. Ramirez, Civ. No. S–11–2373 MCE

4   GGH PS, 2011 WL 5102413, at *1 (E.D. Cal. Oct. 26, 2011) (unpublished); Wescom Credit

5   Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22,

6   2010) (unpublished) (". . . provisions requiring that notice be given ninety days in advance and

7   preventing termination of a bona fide lease unless a purchaser will occupy the unit as a primary

8   residence, see P.L. No. 111-22 § 702(a)(2)(A), offer [defendant] a federal defense to an unlawful

9   detainer action where the plaintiff fails to comply with these requirements. A federal defense,

10  however, does not support federal-question jurisdiction.") (citing Valles); Aurora Loan Servs.,

11  LLC v. Martinez, No. C10-01260 HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010)

12  (unpublished); Ignacio, 2010 WL 2696702, at *2.

13        In sum, plaintiff's unlawful detainer complaint does not itself provide a basis for

14  federal question jurisdiction in this case.  Even if they are premised upon federal law, defendant's

15  potential defenses or counterclaims cannot provide the basis for removal jurisdiction here.

16  Accordingly, 28 U.S.C. § 1331 does not provide this court with subject matter jurisdiction over

17  plaintiff's claim for unlawful detainer brought pursuant to California law.

18        B.      *Attorneys' Fees And Costs Associated With Plaintiff's Motion To Remand*

19        Plaintiff seeks attorneys' fees and costs associated with bringing its Motion To

20  Remand.  (Mot. to Remand, Dkt. No. 3 at 2-3; Reply, Dkt. No. 8 at 1-2.)  "An order remanding

21  the case may require payment of just costs and any actual expenses, including attorney fees,

22  incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances,

23  courts may award attorney's fees under § 1447(c) only where the removing party lacked an

24  objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S.

25  132, 141 (2005).  In deciding whether to order payment of costs, the court must assess whether

26  removal was "wrong as a matter of law."  Balcorta, 208 F.3d at 1106 n.6.  Awards of fees

1  pursuant to 28 U.S.C. § 1447(c) are discretionary.  Id. at 1105.

2        It is clear that there was no proper basis for defendant's removal; further,

3  defendant waited until the day of trial in the state court action before filing his Notice of

4  Removal.  (Fleming Decl. ¶ 5, Exh. A (minutes of state trial proceeding dated Dec. 1, 2011).)

5  While the precise hour of defendant's filing is unclear, it is apparent that defendant waited until

6  December 1, 2011 — the *very day* of the state court trial, perhaps with trial proceedings well

7  under way — before filing his Notice of Removal.  (Id.; Not. of Removal, Dkt. No. 1 (filed Dec.

8  1, 2011).)  While the timing of defendant's removal appears suspect, such timing might not

9  necessarily be sufficient to prove plaintiff's entitlement to fees in this particular case.  Indeed,

10  defendant is proceeding pro se and may have genuinely believed that asserting a defense based

11  on federal law presented a basis for removal.  See e.g. Boutrup v. Washburn, No. CIV-S-09-2678

12  GGH, 2009 WL 4573299, at *2 (E.D. Cal. Nov. 24, 2009) (unpublished) ("[W]hile having the

13  status of pro se does not set up a dichotomy of rules vis-a-vis represented litigants, that pro se

14  status warrants some consideration when reviewing a § 1447(c) request.").

15        However, defendant's behavior in this court has confirmed that a fee award is

16  indeed appropriate in this case.  In a nutshell, defendant failed to timely oppose plaintiff's

17  motion, showing up only on the morning of the hearing to request a continuance.  Then, during

18  the hearing, the undersigned gave defendant precise instructions as to the necessary contents of

19  defendant's declaration regarding defendant's delayed notice of the hearing, yet defendant filed a

20  meager declaration.  Defendant failed to detail the specific dates he was away from his home and

21  unable to receive mail, even though the undersigned ordered defendant to include such specific

22  dates within his declaration.  Instead, defendant's declaration states only that defendant and his

23  family were not home on a "consistent daily basis," and does not clearly explain why defendant

24  was unable to access the mail.  (Catlin Decl. at 1.)  Further, despite the undersigned's allowing

25  defendant additional time to seek counsel and file a written opposition to plaintiff's motion,

26  defendant responded by filing only a one-page "Opposition" containing no legal arguments and

1  instead asking for yet another opportunity to "verbally argue the merits of the case."  (Oppo. at

2  1.)  To date, defendant has filed no actual opposition despite having ample time to do so.

3  Defendant's improper removal and subsequent behavior in proceedings before this court have

4  needlessly delayed the resolution of this case.

5          Accordingly, the undersigned recommends that plaintiff's request for fees and

6  costs under 28 U.S.C. § 1447(c) be granted.  The undersigned recommends that defendant be

7  ordered to pay plaintiff's fees of $1,100 arising from four hours of attorney work occurring as a

8  result of defendant's improper removal and in connection with the pending motion to remand.

9  (Declaration of Brant Borsden ("Borsden Decl."), Dkt. No. 8-1 at 1-2 .)

10  V.      CONCLUSION

11          Accordingly, IT IS HEREBY ORDERED that:

12          1.      The initial scheduling conference currently set for April 26, 2012, is

13  vacated.

14          And IT IS HEREBY RECOMMENDED that:

15          1.      Plaintiff's Motion to Remand (Dkt. No. 3) be granted.

16          2.      Defendant be ordered to pay plaintiff's fees of $1,100 arising from the

17  motion to remand and occurring as a result of defendant's improper removal.  28 U.S.C. §

18  1447(c).  Defendant is ordered to pay plaintiff these fees by no later than thirty (30) days of the

19  date of entry of an order adopting these Findings and Recommendations.

20          3.      This matter be remanded to the Superior Court of California, County of

21  Yuba, on the grounds that this court lacks subject matter jurisdiction over plaintiff's claims.

22          4.      The Clerk be directed to serve a certified copy of this order on the Clerk

23  of the Yuba County Superior Court, and reference the case number 11-0000440 in the proof of

24  service; and

25          5.      The Clerk of the Court vacate all dates in this case and close the case.

26  ////

1    These findings and recommendations are submitted to the United States District

2    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

3    days after being served with these findings and recommendations, any party may file written

4    objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule

5    304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and

6    Recommendations."  Any response to the objections shall be filed with the court and served on

7    all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

8    Failure to file objections within the specified time may waive the right to appeal the District

9    Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951

10   F.2d 1153, 1156-57 (9th Cir. 1991).

11        IT IS SO ORDERED and RECOMMENDED.

12   DATED:  February 1, 2012

13

14

15   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26